1  Henry C. Wang (SBN 196537)
   Email: hwang@reedsmith.com
2  Raymond Y. Kim (SBN 251210)
   Email: rkim@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA 90071-1514
   Telephone:    213 457 8000
5  Facsimile:    213 457 8080

6  *Attorneys for Defendant*
   OM Financial Life Insurance Company
7  (formerly known as Fidelity and Guaranty Life
   Insurance Company)

8

9              **UNITED STATES DISTRICT COURT**

10     **NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

11

12 OSVALDO MENDOZA,                          Case No.: C 09-01211 HRL

13              Plaintiff,                    **OPPOSITION TO PLAINTIFF'S MOTION
                                             TO REMAND REMOVED ACTION**
14     vs.
                                             [Filed concurrently with
15 FIDELITY AND GUARANTY LIFE                1. Declaration of Raymond Y. Kim; and
   INSURANCE COMPANY aka FIDELITY &          2. Declaration of Henry C. Wang.]
16 GUARANTY LIFE and F&G LIFE, OM
   FINANCIAL LIFE INSURANCE COMPANY,         Date:     June 2, 2009
17 and DOES 1 through 100,                   Time:     10:00 a.m.
                                             Ct. Rm.: 2
18              Defendants.
                                             Honorable Howard R. Lloyd
19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# I.  INTRODUCTION

Devoid of any applicable legal authority, Plaintiff Osvaldo Mendoza ("Plaintiff") argues in his Motion for Remand (the "Motion") that OM Financial Life Insurance Company ("OM Financial") failed to timely remove Plaintiff's Complaint and that the amount in controversy fails to exceed $75,000.  However, Plaintiff's argument is based on inherently contradictory positions.  On the one hand, Plaintiff contends that OM Financial did not have a basis to remove this matter because his settlement demand in the range of $100,000 to $500,000 was insufficient to establish the amount in controversy.  Yet, on the other hand, Plaintiff contends that OM Financial should have removed the matter earlier.   Indeed, the inconsistent and faulty logic behind the Motion demonstrates the frivolity of Plaintiff's argument.

Based on established California legal precedent, OM Financial timely filed the Notice of Removal within thirty (30) days of receiving: (1) a substantiated settlement demand from Plaintiff seeking greater than $75,000, and (2) a letter reflecting Plaintiff's settlement demand for the same amount.  Moreover, because Plaintiff's settlement demand is reasonable in light his legal claims and factual allegations, it is indisputable that the jurisdictional amount in controversy has been satisfied.

# II.  LEGAL ARGUMENT

**A.      OM Financial Timely Filed Its Notice Of Removal**

Plaintiff contends that the thirty day period to remove the Complaint began December 16, 2008, the day Plaintiff demanded a settlement amount greater than $75,000.  Plaintiff misunderstands the law.

When considering settlement demands to establish the amount in controversy for jurisdictional purposes, there are two requirements:  (1) the settlement demand must be factually and/or legally substantiated; and (2) the settlement demand must be in writing.  *See Surber v. Reliance Nat'l Indem. Co*., 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000) (holding that a plaintiff's unsubstantiated "bold and optimistic prediction" of damages fails to establish amount in controversy); *Molina v. Lexmark Int'l, Inc.*, 2008 U.S. Dist. LEXIS 83014, at *60-61 (C.D. Cal. 2008) (holding that oral settlement demand does not trigger thirty day removal period, but papers exchanged in mediation evidencing amount in controversy do trigger thirty day removal period).

- 1 -

OM Financial filed its Notice of Removal within thirty days of receiving a factually substantiated oral settlement demand and a separate written settlement demand.

### 1. Plaintiff's Unsubstantiated Settlement Demands Did Not Trigger the 30 Day Removal Period

It is well established that factually and/or legally unsubstantiated settlement demands do not establish the amount in controversy for removal purposes. *See, e.g., Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007); *Surber*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000) (holding that a plaintiff's unsubstantiated "bold and optimistic prediction" of damages fails to establish amount in controversy); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (finding that defendant can not rely on plaintiff's factually devoid settlement demand to establish amount in controversy); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (settlement demand must reflect a reasonable estimate of the plaintiff's claim); *Garza v. Bettcher Indus., Inc*., 752 F. Supp. 753, 763-764 (E.D. Mich. 1990) (finding that defendant must provide "specific factual allegations or provisions in complaint" to establish amount in controversy based on plaintiff's settlement demand).

A party can not rely on factually devoid or unsubstantiated settlement demands to establish the amount in controversy; the settlement demand must be supported by specific factual allegations to justify the amount. *See, e.g., Babasa*, 498 F.3d at 975; *Surber,* 110 F.Supp.2d at 1232; *Cohn*, 281 F.3d at 840.

In fact, even the cases cited in by Plaintiff support OM Financial's position. [Motion to Remand, at 7:5-10, 9:3-4.] In *Gaus v. Miles, Inc*., the Ninth Circuit court held that the plaintiff's unsubstantiated one-million dollar settlement demand was insufficient to establish the amount in controversy for removal purposes. *Gaus*, 980 F.2d at 567 (stating that defendant can not merely "recite some magical incantation" to overcome the presumption against removal, but rather must offer evidence of a substantiated settlement demand to support the assertion that amount in controversy exceeds jurisdictional amount). Similarly, in *Harris v. Bankers Life & Cas. Co*., the Ninth Circuit court held that the defendant timely removed the plaintiff's complaint *after* it confirmed that complete diversity existed and removal was proper. *Harris v. Bankers Life & Cas. Co*., 425 F.3d 689, 694 (9th Cir. 2005) ("[T]he notice of removal may be filed within thirty days

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1  after the defendant receives 'an amended pleading, motion, order or other paper' from which it can

2  be ascertained from the face of the document that removal is proper.").

3        Here, Plaintiff contends that his settlement demands in December 2008 (for $100,000 to

4  $125,000) and January 2009 for ($100,000 to $500,000) triggered the 30-day deadline to remove this

5  matter.  However, Plaintiff, through his counsel, never substantiated or explained the factual

6  basis/allegations to support these verbal demands.

7        In an effort to obtain a substantiated valuation of Plaintiff's damages, on January 16, 2009,

8  OM Financial served Plaintiff with a Request for Statement of Damages.  [Declaration of Henry

9  Wang in support of Opposition to Motion to Remand, ("Wang Decl."), ¶¶ 2-3]  Again, consistent

10  with his prior unsubstantiated response, Plaintiff's counsel merely stated that damages were "for jury

11  determination."[1]  [Wang Decl., ¶ 3.]  Indeed, Plaintiff's refusal to respond to OM Financial's

12  Request for Statement of Damages further demonstrates that Plaintiff's counsel avoided

13  substantiating his settlement demand until his in-person conversation with OM Financial's counsel,

14  Henry Wang, at the courthouse.  Accordingly, Plaintiff's blanket demands, without more, did not

15  and cannot trigger the 30 day removal deadline because as Plaintiff himself puts it, "settlement

16  demands or 'puffing' cannot be taken as evidence of amount in controversy."  [Motion at 8:26-9:1.]

17

18      **2.**    **Plaintiff's February 17, 2009 Demand Marked the First Time Plaintiff**

19                **Substantiated His Settlement Demand With Factual And Legal Justification**

20        It was not until February 17, 2009, during an in-person conversation with Mr. Wang, did

21  Plaintiff's counsel substantiate his settlement demand for the first time.  [Wang Decl., ¶ 4.]  On that

22

23  _____

[1] Plaintiff asserts that based on this Statement of Damages Form, OM Financial valued Plaintiff's case at

24  $0.00.  [Motion, 8:13-21.]  This is a *red herring*.  The Statement of Damages Form served by OM Financial's counsel does not reflect OM Financial's valuation of Plaintiff's claims.  Rather, the $0.00 figures were

25  automatically generated by the computerized form.  [Declaration of Raymond Kim in Support of Opposition of Motion to Remand ("Kim Decl."), ¶ 2.]  Plaintiff's counsel is fully aware of this fact.  [*See* Kim Decl., ¶ 3.]

26  Now, in an apparent attempt to mislead the court and mock Mr. Kim, Plaintiff's counsel claims that OM Financial "assigned a value of 0.00 seventeen times to each and every category of damages."  [Motion, 8:13-

27  21.]  Moreover, OM Financial's valuation of Plaintiff's claims can not serve as the basis for determining the amount in controversy in this action.

28

day, Plaintiff's counsel stated that OM Financial's initial denial of Plaintiff's disability claims and subsequent delayed payments allegedly caused Plaintiff tremendous emotional distress because he had to struggle with his daily expenses, including the payment of his mortgage. [Wang Decl., ¶ 4.] Based on this now substantiated settlement demand, OM Financial filed its Notice of Removal within 30 days of February 17, 2009.

### 3. Plaintiff's Settlement Demand Was First Memorialized In Writing In A February 24, 2009 Letter

In California, *oral* settlement demands are insufficient to establish the amount in controversy. *Molina*, 2008 U.S. Dist. LEXIS 83014 at *60-61 ("Given the reference in § 1446(b) to 'an amended pleading, motion, order or other paper,' and the holding in *Harris*, the court concludes that [the mediator's] April 2008 [settlement] communications with [defendant's attorney], which appear to have been oral, do not constitute 'other paper' triggering [defendant's] obligation to remove."). Rather, the settlement demand must be in writing to be constitute "other paper" for purposes of removal under 28 United States Code Section 1446(b). *Id.*

"A document reflecting a settlement demand in excess of the jurisdictional minimum constitutes 'other paper' sufficient to provide notice that a case is removable and starts the thirty day window under § 1446(b)." *Id.* at 13-14; *Babasa v. Lenscrafters, Inc.*, 498 F.3d 972, 974-75 (9th Cir. 2007); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Ambriz v. Luxury Imports of Sacramento Inc.*, 2008 U.S. Dist. LEXIS 91910,*2 (N.D. Cal. 2008).

On February 24, 2009, Plaintiff mailed OM Financial a letter representing in writing that the settlement demand was in excess in $75,000. [Wang Decl., ¶ 5.] Specifically, the letter stated: "I told you I viewed this as a six figure case for settlement with a range of over $100,000 but less than $500,000." [Wang Decl., ¶ 5, Exh. A.] Plaintiff's February 24, 2009 letter serves as "other paper" for removal purposes. *Molina*, 2008 U.S. Dist. LEXIS 83014 at *60-61; 28 U.S.C. § 1446(b) ("If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

has become removable[.]").  OM Financial filed its Notice of Removal on March 19, 2009, within thirty days of receiving Plaintiff's February 24, 2009 letter.

Accordingly, OM Financial timely removed this action to federal court.

**B.      The Amount In Controversy Clearly Exceeds $75,000**

**1.      Plaintiff Has Repeatedly Stated that the Amount In Controversy Exceeds $75,000**

Plaintiff contends that OM Financial can not rely on settlement demands to establish the amount in controversy for jurisdictional purposes.  In the Ninth Circuit, however, settlement demands are commonly used to establish the amount in controversy.  *See e.g., Cohn*, 281 F.3d at 840 ("A settlement letters is relevant evidence of the amount in controversy if its appears to reflect a reasonable estimate of Plaintiff's claim."); *Babasa*, 498 F.3d at 975.

Here, Plaintiff has demanded at least $100,000 on more than one occasion, orally and in writing.  Because Plaintiff claims emotional distress damages and punitive damages, Plaintiff's settlement demand of $100,000 is reasonable and must be considered in determining the amount in controversy.

## III.  CONCLUSION

Based on the foregoing, OM Financial respectfully requests that this Court deny Plaintiff's Motion to Remand.


DATED:  May 12, 2009.                    REED SMITH LLP


By____/S/_____
Henry C. Wang (SBN 196537)
Email:  hwang@reedsmith.com
Raymond Y. Kim (SBN 251210)
Email:  rkim@reedsmith.com
*Attorneys for Defendant*
OM Financial Life Insurance Company
(formerly known as Fidelity and Guaranty Life
Insurance Company)

US_ACTIVE-101616780.2-RYKIM

- 5 -

REED SMITH LLP
A limited liability partnership formed in the State of Delaware