**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Osvaldo Mendoza, | NO. C 09-01211 JW |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| OM Financial Life Insurance Company, et al., | |
| Defendants. | |

## I. INTRODUCTION

Osvaldo Mendoza ("Plaintiff") brings this action against Fidelity & Guaranty Life Insurance Company ("Fidelity" or "Defendant")[1] alleging breach of contract and breach of the covenant of good faith and fair dealing. Plaintiff, an insurance policyholder, alleges that Defendant, his insurance carrier, failed to perform required duties under an insurance policy ("the Policy") by refusing to timely pay benefits due to Plaintiff for his personal injuries.

Presently before the Court is Plaintiff's Motion to Remand. (hereafter, "Motion," Docket Item No. 18.) The Court conducted a hearing on June 22, 2009.[2] Based on the papers submitted to date and oral argument, the Court DENIES Plaintiff's Motion to Remand.

---

[1] Plaintiff is also suing OM Financial Life Insurance Company ("OM"). OM represents that it is formerly known as Fidelity & Guaranty Life Insurance Company. (Notice of Removal at 1, Docket Item No. 1.) Thus, although Plaintiff has attempted to sue two separate entities, there appears to be only a single Defendant.

[2] Plaintiff's counsel failed to appear for the hearing to defend his motion.

## II. BACKGROUND

**A.  Factual Allegations**

In a Complaint filed on September 24, 2008, Plaintiff alleges as follows:

Plaintiff is a resident of Santa Clara County in California. (Notice of Removal, Ex. A, Complaint for Damages ¶ 1, hereafter, "Complaint," Docket Item No. 1.) Defendant is a Maryland corporation with its principal place of business in Maryland. (Notice of Removal ¶ 7.)

On February 20, 2003, Plaintiff entered into the Policy with Fidelity, which provided level term life insurance and a disability income rider. (Complaint ¶ 13.) Plaintiff made all premium payments required under the Policy, including the annual premium of $840.00 for the disability income rider. (Id. ¶ 14.)

On February 4, 2005, Plaintiff was working his usual occupation as a plumber foreman. (Complaint ¶ 15.) Plaintiff sustained head and back injuries after he fell fifteen feet onto a cement floor. (Id.) The injuries prevented Plaintiff from substantially performing his essential duties as a plumber foreman. (Id.) Plaintiff made a timely claim for benefits under the disability rider of his policy with Fidelity, including medical reports setting forth that Plaintiff was totally disabled from performing any occupation. (Id. at 16.)

On May 4, 2005, Fidelity wrongfully denied Plaintiff the benefits to which he was entitled to under the Policy, despite having medical evidence of Plaintiff's disability. (Complaint ¶ 17.) On June 7, 2005, Plaintiff wrote to Fidelity to advise it that one of the doctor's reports found Plaintiff totally disabled from any profession; yet Fidelity continued to refuse payments of benefits to Plaintiff. (Id. ¶ 18.) Fidelity eventually made partial payments of the benefits due to Plaintiff. (Id. ¶ 20.)

On June 6, 2007, Plaintiff obtained legal representation in order to receive the benefits of the Policy. (Complaint ¶ 21.) On June 15, 2007, Fidelity refused to make additional payments until Fidelity received certification of Plaintiff's continued disability.

1  (Id.)  On August 2, 2007, Plaintiff's attorney provided Fidelity medical reports from several
2  doctors, setting forth the serious nature of Plaintiff's injuries.  (Id. ¶ 22.)  Only after Plaintiff
3  retained an attorney with the prospect of litigation pending did Fidelity finally pay benefits
4  on August 3, 2007 for the disability period of September 2, 2005 through October 1, 2006.
5  (Id. ¶ 24.)

6  On August 3, 2007 and August 6, 2007, Fidelity again insisted on medical
7  certification of Plaintiff's continued disability.  (Complaint ¶ 25.)  In response, Plaintiff
8  submitted additional medical reports to Fidelity, which detailed the serious nature of
9  Plaintiff's injuries.  (Id. ¶ 26.)  Only after the additional medical reports were submitted did
10 Fidelity make the final payment of benefits due under the policy on September 14, 2007 for
11 the disability period of October 2, 2006 through May 4, 2007.  (Id. ¶ 27.)

12 On the basis of the allegations outlined above, Plaintiff alleges two causes of action: (1)
13 Breach of Contract and (2) Breach of the Covenant of Good Faith and Fair Dealing.  (Complaint at
14 7-8.)

### B.  Procedural History

On September 24, 2008, Plaintiff filed this action in Santa Clara County Superior Court.
(Complaint at 1.)  On March 19, 2009, Defendant removed this action to federal court based on
diversity jurisdiction.  (Notice of Removal and Removal ¶ 5.)  In its Notice of Removal, Defendant
stated that the amount in controversy was over $75,000 and that the motion was timely because not
more than 30 days had passed since Defendant was made aware that the amount in controversy
exceeded the jurisdictional minimum of $75,000.  (Id. ¶¶ 11-12.)

Presently before the Court is Plaintiff's Motion to Remand Removed Action.

### III.  STANDARDS

If, prior to final judgment, the district court discovers its lack of subject matter
jurisdiction, it must remand the case.  28 U.S.C. § 1447(c).  The defendant seeking removal of an
action to federal court bears the burden of establishing grounds for federal jurisdiction.  Quinones v.

3

Target Stores, 2005 U.S. Dist. LEXIS 31915 (N.D. Cal. 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). If the basis for jurisdiction is diversity, it must exist both at the time the action was commenced in state court and at the time of removal. Strotek Corp. v. Air Transp. Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).

## IV.  DISCUSSION

Plaintiff moves to remand this action on two grounds: (1) that Defendant failed to remove within thirty days of having notice that the action was removable; and (2) that Defendant failed to meet its burden of showing that the amount in controversy exceeds the jurisdictional minimum of $75,000. (Motion at 2-3.) The Court first considers whether Defendant has adequately established diversity jurisdiction. The Court then considers the timeliness of Defendant's removal.

**A.     Amount in Controversy**

Plaintiff contends that Defendant has failed to, and cannot now, sufficiently establish that the amount in controversy for this case exceeds $75,000. (Motion at 7.) Defendant contends that Plaintiff's own substantiated settlement demands show that the amount in controversy is over $75,000. (Opposition to Plaintiff's Motion to Remand Removed Action at 5, hereafter, "Opposition," Docket Item No. 13.)

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory amount]." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). The defendant must provide evidence showing that it is "more likely than not" that the amount in controversy exceeds that amount. Id.

4

To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent from the complaint that the jurisdictional amount has been satisfied." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted). If the complaint does not clearly establish the jurisdictional amount, then "the court may consider facts in the removal petition . . . ." Singer, 116 F.3d at 377. The district court also may treat a defendant's opposition to a motion to remand as an amendment to the initial removal motion, and accept "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." Cohn v. Petsmart, Inc., 281 F.3d 837, 840 n.1 (9th Cir. 2002); see also Singer, 116 F.3d at 377. For example, settlement letters are relevant evidence of the amount in controversy they reflect a reasonable estimate of a plaintiff's claim, and such a letter alone can meet the preponderance of evidence standard. Cohn, 281 F.3d at 840.

In this case, Defendant's counsel, Henry C. Wang, submits a declaration stating the following:

> On February 17, 2009, following the Case Management Conference before the Santa Clara Superior Court for this matter, I discussed Plaintiff's action against OM Financial with Plaintiff's counsel, Mr. Edward Heffner. Mr. Heffner states that the amount in controversy in this case is between $100,000 to $500,000. On this occasion, Mr. Heffner for the first time substantiated his valuation of the amount in controversy. Specifically, Mr. Heffner stated that OM Financial's initial denial of Plaintiff's disability claims and delay in payments allegedly caused Plaintiff tremendous emotional distress because he had to struggle with his daily expenses, including payment of his mortgage. Mr. Heffner further stated that his valuation was based upon a good-faith assessment of OM Financial's alleged liability in this case.

(Declaration of Henry C. Wang in Support of Opposition to Plaintiff's Motion to Remand Removed Action ¶ 4, hereafter, "Wang Decl.," Docket Item No. 14.) Additionally, Defendant submit the Wang Letter, which states, in relevant part, as follows:

> As you well know, we spoke on January 23, 2009, at which time you specifically asked for a settlement range before discovery costs were incurred. I told you I viewed this as a six figure case for settlement with a range of over $100,000 but less

5

> than $500,000. After the February 17, 2009 case management conference, I did indeed confirm that range.

(Declaration of Henry C. Wang in Support of OM Financial's Opposition to Plaintiff's Motion to Remand, Ex. A, hereafter, "Wang Letter," Docket Item No. 19.)

In response to this evidence, Plaintiff submits the parties' separate Statements of Damages, which were exchanged between the parties while this action was pending in state court. (Heffner Decl., Exs. 1-2.) Defendant's Statement of Damages indicates that Plaintiff "seeks damages in the above-entitled action" in the amount of "$0.00."[3] (Heffner Decl., Ex. 1.) Plaintiff's Statement of Damages states that Plaintiff "seeks damages in the above-entitled action," and lists $2,840 as the amount of "Attorney's Fees Incurred," and that general damages for pain, suffering, inconvenience, emotional distress and punitive damages are "for jury determination." (Heffner Decl., Ex. 2.) Plaintiff does not, however, deny that he believes the settlement range for this action is between $100,000 and $500,000. Instead, Plaintiff's counsel recounts the following in his declaration:

> On December 16, 2008, I spoke to counsel for OM Financial, Raymond Kim. During the phone conversation, I was asked to give a settlement evaluation range. In response, I made a settlement demand in the range of $100,000.00 to $125,000.00. Mr. Kim state that he did not see that his client did anything wrong. In response, I went through the chronology of events from the submission of the disability claim and the various dates of denials and requests for further information made by his client, as well as discussing the plaintiff's inability to work and hardship.
>
> On January 23, 2009, I spoke to counsel for OM Financial, Henry C. Wang. I made a settlement demand in the six figure range, $100,000.00 to $500,000.00. Mr. Wang stated that he wanted to attempt a settlement early before discovery expenses were incurred. Mr. Wang stated he saw the value of the case as less than $50,000.

(Heffner Decl. ¶¶ 4-5.)

In light of the above evidence, the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional minimum of $75,000. Plaintiff concedes that his counsel has consistently asserted the amount at issue to be $100,000 or more. Plaintiff's counsel admittedly substantiated his settlement demands for

---

[3] Defendant contends this Statement was generated on accident. (Declaration of Raymond Y. Kim in Support of Opposition to Plaintiff's Motion to Remand Removed Action ¶ 2, Docket Item No. 15.)

6

Defendant's counsel by reviewing the chronology of Plaintiff's allegations and the types of injury he claims to have suffered.

Accordingly, the Court DENIES Plaintiff's Motion to Remand on the ground that Defendant has failed to establish that the amount in controversy is greater than $75,000.

### B.    Timeliness of Defendant's Removal

In the alternative, Plaintiff contends that remand is appropriate because Defendant failed to remove this action within 30 days of discovering that the case was removable. (Motion at 7.)

Any civil action brought in state court may be removed to the district court if the district court has original jurisdiction. 28 U.S.C. § 1441(a). Under § 1446(b), a defendant must file a "notice of removal . . . within thirty days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). A letter reflecting a settlement demand in excess of the jurisdictional minimum is sufficient for § 1446(b) notice. See Cohn at 840; see also Babasa v. Lenscrafters, Inc., 498 F.3d 972, 974-75 (9th Cir. 2007). Oral communications, on the other hand, are generally insufficient to constitute "other papers" and, therefore, to trigger the 30 day period. Molina v. Lexmark Int'l, CV 08-04796, 2008 WL 4447678, at *4 (C.D. Cal. Sep. 30, 2008) (citing Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 695 (9th Cir. 2005); see also Smith v. Bally's Holiday, 843 F. Supp. 1451 (N.D. Ga. 1994); Thomas v. Ritter, No. 3:98CV530-H, 1999 WL 1940047, at *2 (W.D.N.C. Feb. 11, 1999).

Here, the Complaint does not allege the amount of Plaintiff's damages. Thus, the 30-day time period for removal did not begin until Defendant received some "other paper" providing Defendant notice that the amount in controversy was satisfied. As discussed above, Defendant first received Plaintiff's settlement demand in writing on February 24, 2009. Although the parties agree that Plaintiff had made oral settlement demands over $75,000 as early as December 16, 2008, such

oral communications do not constitute "other papers" for the purposes of § 1446(b).[4] Molina, 2008 WL 4447678, at *4. Thus, the Court finds that Defendant did not have the requisite notice to make federal jurisdiction ascertainable until the February 24, 2009.

Accordingly, the Court DENIES Plaintiff's Motion to Remand on the ground that removal was not timely.

## V. CONCLUSION

The Court DENIES Plaintiff's Motion to Remand.

Dated: June 25, 2009

JAMES WARE
United States District Judge

---

[4] The Court exclusion of oral communications under § 1446(b) is not absolute, as some courts have allowed testimony under oath to satisfy the "other paper" requirement of § 1446(b). See, e.g., Riggs v. Cont'l Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1988). However, such circumstances are not relevant to this case.

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Edward Wilson Heffner attorneys@habbaslaw.com
Henry Chi-Jen Wang Hwang@reedsmith.com
Raymond Yoon Ho Kim rkim@reedsmith.com

**Dated: June 25, 2009**                                          **Richard W. Wieking, Clerk**

                                                                   **By:   /s/ JW Chambers**
                                                                          **Elizabeth Garcia**
                                                                          **Courtroom Deputy**

**United States District Court**
For the Northern District of California